IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IVAN BRYSON,                          *

     Plaintiff,                      *

vs.                                   *

AUGUSTA-RICHMOND COUNTY and           *        CASE NO. 3:24-cv-28 (CDL)
CRYSTAL PAGE, *individually and
in her official capacity as*          *
*Accountability Court*
*Coordinator*,                        *

     Defendants.

<u>O R D E R</u>

The claims in this action have a connection to Athens, Georgia, which is in the Middle District of Georgia, and Augusta, Georgia, which is in the Southern District of Georgia. After the Court dismissed several Defendants, the remaining Defendants, the Plaintiff, and the conduct giving rise to the claims against the remaining Defendants have a stronger connection to Augusta than Athens. Accordingly, as explained in the remainder of this Order, Defendants' motion to transfer this action to the Augusta Division of the Southern District of Georgia (ECF No. 30) is granted.

FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2024, Plaintiff Ivan Bryson, who resides in Augusta and is Jewish, filed this action under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, 42 U.S.C. § 1983, and Georgia law. He alleges that he was ordered

by Augusta-Richmond County to complete a rehabilitation program at Penfield Addiction Ministries, Inc. as part of that County's Accountability Court Program. Penfield is located in the Athens Division of the Middle District of Georgia. He alleges that Penfield's employees forced him to engage in Christian and anti-Semitic activities while ridiculing him for being Jewish. Bryson asserted claims against Penfield, several Penfield employees, Augusta-Richmond County, and County employee Crystal Page.

On November 27, 2024, the Court granted the Penfield Defendants' motion to dismiss the claims against them (ECF No. 26); only Bryson's claims against the County and Page remain pending. On May 2, 2025, the County Defendants filed a Motion to Transfer Venue, seeking to transfer this action to the Augusta Division of the Southern District of Georgia (ECF No. 30).

DISCUSSION

No party contests that the Middle District of Georgia is a proper venue for this action, since the parties agree that Penfield is located in this district. The County Defendants argue, however, that since the Penfield Defendants have been dismissed, the Court should transfer this action to the Southern District of Georgia. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is no dispute that this action "might

have been brought" in the Southern District of Georgia, where the County Defendants reside. The Court now must determine whether Defendants have met their burden of establishing that the Southern District of Georgia is more convenient. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam) ("[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.").

"Courts consider numerous factors in determining whether to transfer a case under § 1404(a)," including:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Frey v. Minter*, 829 F. App'x 432, 436 (11th Cir. 2020) (per curiam) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

Here, most of the § 1404(a) factors are equally balanced. As to the convenience of the witnesses (factor one), Plaintiff

contends that witnesses to what he alleges happened to him at Penfield are located in the Middle District, near Athens, Georgia, and that it may be difficult to compel those witnesses to testify in Augusta, which implicates factor five. As to convenience, witnesses reside in both the Augusta and Athens areas. There is nothing to suggest that the convenience of the witnesses favors one venue over the other. Furthermore, since Athens is within 100 miles of Augusta, it seems clear that the witnesses from the Athens area could be compelled to provide testimony by the federal judge in Augusta pursuant to Fed. R. Civ. P. 45(c)(1)(A). In the event that a witness is unable to physically attend a trial or hearing in one venue or the other, no one suggests that venue would be an obstacle to obtaining their testimony by other means such as through deposition. The Court finds factors one and five to be neutral.

As to factor two, the parties concede that documents relevant to Plaintiff's claims are located in both the Middle and Southern Districts. Given the prevalence of electronic discovery, the Court finds that factor two is neutral. Factor seven is also neutral, as federal courts in either district would be equally familiar with the law governing Plaintiff's claims. Although Plaintiff has argued that his means are not equal to those of the County Defendants, he has not argued that it would be more expensive for

him to litigate this action in the Southern District, where he concedes that he lives.  So factor six is neutral.

The County Defendants argue that the locus of operative facts is in Augusta, because that's where their alleged actions occurred. On the other hand, Plaintiff contends that the locus of operative facts is near Athens, where he alleges he was subjected to Penfield's coercive practices.  Because the Court concludes there is no single locus of operative facts, factor four is neutral.

Two of the nine factors favor transfer.  As to factor three, the convenience of the parties, Plaintiff concedes that all remaining parties in this action reside in Augusta. Defendants' counsel are also located in Augusta.  While Plaintiff's counsel's office is located in Atlanta in the Northern District, counsel makes no compelling argument that it will be any more inconvenient for him to litigate the case in Augusta instead of Athens.  The Court thus concludes that the Southern District would be a more convenient forum for the parties to litigate this action, so factor three weighs in favor of transfer.

Factor nine "generally considers administrative issues associated with the efficient resolution of the case and whether the plaintiff's selected forum is related to the case." *Sokoloff v. Bio World Merch., Inc.*, No. 3:22-CV-12 (CDL), 2022 WL 16857008, at *6 (M.D. Ga. Nov. 10, 2022).  Defendants argue that it would serve the public interest to have a case related to the actions of

a local government decided locally. The Court agrees. This factor weighs heavily in favor of transfer. Plaintiff contends, however, that transfer would cut against trial efficiency, because Defendants did not act with reasonable promptness in seeking a change in venue. While Defendants certainly could have filed the instant motion sooner than six months after the Penfield Defendants were dismissed, § 1404(a) imposes no time limit on parties seeking transfer to a more convenient forum. Further, since dismissing the Penfield Defendants, the Court issued its Scheduling and Discovery Order (ECF No. 28), which sets the discovery deadline for July 20, 2025, and the dispositive motions deadline for August 19, 2025. The parties presumably have been and will continue to engage in discovery regardless of whether this case is transferred to the Southern District, so the Court fails to see how transfer at this stage would create unreasonable inefficiency or delay resolution of the action. Factor nine thus weighs in favor of transfer.

The last factor to be considered is the weight accorded a plaintiff's choice of forum (factor 8). As a general rule, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). Under the circumstances of this case, however, the Court finds that

Plaintiff's choice is entitled to less deference, because no party resides in the Middle District. *See Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-CV-105(CDL), 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008) (noting that a plaintiff's forum is afforded less weight "if the plaintiff resides outside the forum") (quoting *Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.*, 7:05-CV-122 (HL), 2006 WL 1312412, at *5 (M.D. Ga. May 11, 2006)). The Court finds that Plaintiff's choice of forum is clearly outweighed by other considerations, including the convenience of the parties and the interests of justice.

CONCLUSION

For the foregoing reasons, Defendants' motion to transfer (ECF No. 30) is granted, and the Clerk is directed to transfer this action to the Augusta Division of the Southern District of Georgia.[1]

IT IS SO ORDERED, this 5th day of June, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court recognizes that if the Southern District Judge reconsiders this Court's decision with regard to the dismissal of the Athens based Defendants or if that dismissal is reversed on appeal, then such a development could change the convenience calculus. But the Court finds that the ball should be played where it lies; and the ball currently finds itself in a forum where no current party resides and which is no more convenient for the witnesses. Under the current circumstances and the rules for transfer of venue, the ball may be placed in the more convenient forum, which is the Augusta Division of the Southern District.